**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DUPREE VANN,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **DISCOUNT TIRE CO. OF TENNESSEE and THE REINALT-THOMAS CORPORATION, d/b/a DISCOUNT TIRE,** <br><br> **Defendants.** | ) | **No. 3:26-cv-00735** |

**<u>MEMORANDUM OPINION AND ORDER</u>**

During the eight month period from September 2025 to May 2026, while working at Discount Tire Store ("Discount Tire") on Nolensville Pike in Nashville, Tennessee, Dupree Vann alleges that he suffered race discrimination and racial, sexual and retaliatory harassment in violation of state and federal laws. He brings this lawsuit because co-workers and managers at the Nolensville store engaged in "unrelenting" racial and sexual comments and unwelcomed physical touching that continued after he reported their behavior to the Store Manager and the corporate human relations department.

Discount Tire Co. of Tennessee owns the Nolensville store, and moves to dismiss Count Three alleging sexual harassment and part of Count Four to the extent Vann alleges retaliation arising from his complaints about sexual harassment. (Doc. No. 25). Vann has responded in opposition and Discount Tire has filed a reply. (Doc. Nos. 29 and 30). The motion is denied because Vann alleges facially plausible factual content "that allows the court to draw the reasonable inference that" Discount Tire may be liable for sexual harassment and retaliation based

on Vann's opposition to his co-workers and managers continued sexual harassment. The allegation in the First Amended Complaint ("Amended Complaint") tell a story of a workplace gone amuck.

Vann is a Black man and the only black employee at the Nolensville store. He was 19 years old when he started work at the Nolensville store. From "nearly the first day of his employment," he was called racial slurs by co-workers and managers that he names in the Amended Complaint. (Doc. No. 20 at 3–5). The racial slurs and jokes included "n*gg*r," "boy," "monkey," "baboon," and "dirty black monkey bitch." (Id. at 3). A month after he started work a manager said to Vann, "you can't handle these jokes anymore, can you? Are you ready to quit? I'm surprised you lasted this long." (Id. at 5).

While Vann was subject to racial slurs and jokes, his co-workers and managers also engaged in "unwanted touching and sexually charged comments." (Id. at 6). They engaged in repeated sexual comments, such as "you know he has a big D" referring to the size of Black men's penises, and "what is it like being Black? Y'all all have such big Black penises." (Id. at 6). Those co-workers and managers also "grabbed Vann's sides" and asked Vann "If I grab your d**k, is it rape?" (Id. ) Discount Tire personnel even questioned his sexual orientation by calling him "fag man" and asking him, "how his pu**y was feeling." (Id. at 7).

Then, "during the week of March 2, 2026," Vann reported to the store manager the ongoing racial and sexual harassment, telling him it was "unbearable" and he felt "no choice but to quit." (Id.) Nevertheless, the racial and sexual harassment continued, so Vann emailed and had a call with the corporate HR department. (Id. at 8). This resulted in an investigation at the Nolensville Store by corporate HR. (Id.) But Vann's co-workers and managers resisted and tried "to intimidate [him] into ending his participation" in the investigation. (Id. at 8).

The retaliatory harassment toward Vann consisted of physical touching, threats and more slurs and comments about his race and sexual preference. Vann alleges a pattern of such behavior. (Id. at 8–10). A few examples suffice to demonstrate why the motion to dismiss must be denied. The actions and words of Matt (whose last name is unknown) but Vann says is a manager, (Id. at 4), are among the worst. Matt angrily "shoved [Vann], blew an air gun in [Vann's] face and called [Vann] a bitch ass boy." (Id. at 8). He also pulled on the hood of Vann's sweater, put his finger in Vann's ear, rubbed against him, blew kisses at him and called him ugly. (Id.) Even after Vann reported to corporate HR the retaliatory harassment, Matt again grabbed Vann's sweater and pulled it up and down. (Id. at 9).

Matt was not alone; others did the same. (Id. at 10). His co-workers and managers "hugged and sniffed" him, "put his finger under [his] chin and patted him like a dog." (Id. at 10). Then, "Mr. Santamaria suggestively asked [Vann] if 'five inches was enough'" and told another employee he was going to "f*ck" Vann. (Id. at 6, 10).

After all of the foregoing, Vann was constructively terminated on May 1, 2026. (Id. at 11).

Discount Tire's motion to dismiss fails for multiple reasons. The Court's analysis is guided by the decision in a strikingly similar case, Claybrook v. Freightliner of Arizona, LLC, et al., 2026 WL 1195852 (M.D. Tenn. 2026). Like Discount Tire, in that case defendants sought to dismiss the employees male-on-male sexual and racial harassment allegations that lead to the employees constructive discharge. The Court there denied the motion because the employee sufficiently alleged that the harassment was because the employee was male and the conduct was pervasive. Id. at 12–13. The analysis in that case disposes of the motion here.

First, the Court declines Discount Tire's invitation to consider the sexual harassment allegations alone without including the racial harassment allegations. (Doc. No. 26). As the Court

in Claybrook and many other courts have noted, this Court must consider the "totality of circumstances" surrounding Discount Tire's harassment allegations. See Harris v. Forklift Sys., 510 U.S. 17, 23 (1993) ("[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances"); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 (1998); Black v. Zaring Homes, Inc., 104 F.3d 822, 826 (6th Cir. 1997). Vann alleges multiple forms of harassment, race, sex and retaliation, which were "intertwined." Claybrook, 2026 WL 1195852 at 13. Moreover, again as noted in Claybrook, the Sixth Circuit has rejected "disaggregation" of sexual harassment allegations from their "context . . . depriving them of their full force." Id. (citing Williams v. Gen. Motors Corp., 187 F.3d. 553, 561–62 (6th Cir. 1999)). The rationale is that when a plaintiff alleges multiple forms of harassment—like race and sex—at the motion to dismiss stage, the plaintiff can rely on both because each support a finding of pervasiveness. Claybrook, 2026 WL 1195852 at 13.

Second, Vann satisfies the requirement that the harassment must be severe or pervasive to alter the conditions of employment and to create an abusive work environment. Citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993), the court in Claybrook applied the factors to determine whether the race and sexual conduct was severe or pervasive. Specifically, the Court must determine the frequency and severity of the conduct, as well as whether it is physically threatening and whether it interferes with the employee's work performance. 2026 WL 1195852 at 13. Here, those factors are easily satisfied. Throughout his short eight month tenure as a Discount Tire employee, Vann was subject to repeated racial and sexual slurs, comments and threats and actual physical touching in the workplace by co-workers and managers that lead to his constructive discharge. The slurs, comments and actions made direct reference to his race and his genitalia, his sexual orientation, included touching him in a sexual manner, threats and jokes of rape that

continued after he complained to a manager and corporate HR. Vann alleges sufficient facts from which the Court reasonably infers that the sexual conduct toward Vann was pervasive.

Third, Vann sufficiently alleges that the conduct against him was based on his sex. The comments by his co-workers and managers may be direct evidence that the conduct was sex based. After all, it does not take an inference to know what was meant by statements such as:

- "Y'all have such big Black penises;"
- "If I grab your dick, is it rape;"
- Do you like "penises;"

or by actions such as:

- Putting his finger in Vann's ear;
- "rubbing against" Vann;
- Blowing kisses to Vann.

For this Court, the allegations accepted as true plausibly allege that Discount Tire's managers and workers harassed Vann based on his sex.

The motion is **DENIED**. The parties shall proceed to mediation on or before October 27, 2026. The parties shall file a joint notice of their agreed mediation and date for mediation. If the parties are unable to select a mediator, each party shall submit the name of a mediator and the Court will select one.

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE